UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JEFFREY ALAN WEISHEIT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:19-cv-00036-SEB-KMB |
| | ) |
| RON NEAL, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Motion to Alter or Amend Judgment and
Granting Request to Expand Certificate of Appealability**

Jeffrey Allen Weisheit, an inmate in Indiana, brought this 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his convictions for two counts of murder and one count of arson, as well as his death sentence. The Court denied the petition, granted a certificate of appealability on certain claims, and entered final judgment. Now before the Court is Mr. Weisheit's timely and fully briefed motion to alter or amend judgment, which includes a request to expand the certificate of appealability. For the reasons outlined below, the motion to alter or amend judgment is **denied**, but the request to expand the certificate of appealability is **granted**.

**I.    Procedural Background**

Mr. Weisheit was found guilty of setting fire to his home in the middle of the night and killing his girlfriend's two children.[1] An Indiana jury convicted him of two counts of murder and one count of arson, and the trial court sentenced him to death. Mr. Weisheit completed his direct appeal and state post-conviction review proceedings before filing a 28 U.S.C. § 2254 petition in

---

[1] Details of Mr. Weisheit's crimes and the factual underpinnings of his claims are provided in this Court's order denying habeas corpus relief, dkt. 119, and the Indiana Supreme Court's decision on direct appeal, *Weisheit v. State*, 26 N.E.3d 3 (Ind. 2015).

1

this Court in January 2020. After multiple extensions of time, Mr. Weisheit filed an amended § 2254 petition in September 2021. Dkt. 67. Respondent filed a return in March 2022.

In June 2022, Mr. Weisheit filed a motion to stay proceedings pending a return to competency, dkt. 95, and a motion to stay the briefing schedule pending resolution of that motion, dkt. 96. The Court denied the latter motion to stay, but granted Mr. Weisheit an extension of time to file a reply in support of his petition. Dkt. 97. Mr. Weisheit filed a reply in support of his petition on July 22, 2022. Dkt. 107.

On July 29, 2022, thirty months after filing his original petition, and after the amended petition was fully briefed, Mr. Weisheit moved for a stay of proceedings so he could attempt to exhaust state court remedies as to several grounds of ineffective assistance of counsel. Dkt. 112.

The Court denied Mr. Weisheit's motions to stay, denied his petition for a writ of habeas corpus, and entered final judgment on November 2, 2022. Dkt. 119; dkt. 120.

Mr. Weisheit filed a timely motion to alter or amend judgment on November 30, 2022. Dkt. 121. That motion is now fully briefed.

## II. Rule 59(e) Standard

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). To receive relief under Rule 59(e), the moving party "must clearly establish (1) that the court committed manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood v. Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion to alter or amend is an

"extraordinary remed[y] reserved for the exceptional case." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi.*, 786 F.3d 510, 521 (7th Cir. 2015) (internal quotation omitted).

### III.   Discussion

Mr. Weisheit raises three arguments in his motion to alter or amend judgment: (1) the Court erred in denying his motion to stay proceedings; (2) the Court erred in denying him funding and other requests to create new evidence to expand the record; and (3) the Court should expand the certificate of appealability to include certain additional claims. The Court addresses each argument below. Additionally, the Court concludes that its implicit denial of Mr. Weisheit's motion to restore proceedings pending the restoration of competency was not erroneous.

#### A.   Motion to Stay

Mr. Weisheit contends that the Court erred in denying him a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). Dkt. 121 at 16−21. The Court's ruling rested on two independent bases. First, *Rhines* does not apply because the ineffective assistance of counsel grounds at issue are procedurally defaulted, not unexhausted. Dkt. 119 at 10−12. And second, even under *Rhines*, a stay would not be warranted because Mr. Weisheit has not shown good cause for his failure to exhaust and has engaged in intentional delay. *Id.* at 12−13.

##### 1.   Defaulted Claims

Mr. Weisheit sought a stay to present a number of ineffective assistance of counsel grounds in state court. Dkt. 112. The Court found that these claims were procedurally defaulted, not merely unexhausted. Dkt. 119 at 10−13.

Mr. Weisheit first contends that his claims were simultaneously procedurally defaulted and unexhausted, and that the Court erred in rejecting this argument. Dkt. 121 ("The Court fundamentally errs in rejecting Mr. Weisheit's argument that claims that were procedurally

3

defaulted due to the ineffective assistance of state collateral review counsel can remain unexhausted for purposes of *Rhines* . . ."); *id.* at 17 ("[T]he notion that 'procedurally defaulted' necessarily means 'exhausted' is untenable, especially after *Shinn* [*v. Ramirez*, 142 S. Ct. 1718 (2022)]."). But the Seventh Circuit has made clear that when a claim has not been presented through one complete round of a state's ordinary appeal process, it is either procedurally defaulted or unexhausted—but not both—depending on whether any state-court remedy remains available. *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013) ("Where the petitioner has already pursued his state court remedies and there is no longer any state corrective process available to him, it is not the exhaustion doctrine that stands in the path to habeas relief, but rather the separate but related doctrine of procedural default." (cleaned up)). *Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007) ("If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted."). Mr. Weisheit has not demonstrated that the Court erred in rejecting his argument that his claims were simultaneously procedurally defaulted and unexhausted.

Mr. Weisheit also contends that the Court erred in concluding that no state-court procedure remains available for him to present his ineffective assistance of counsel grounds. Dkt. 121 at 17−19. Specifically, he argues that he could present these grounds in a successive post-conviction petition. *Id.* But Indiana courts "do not authorize the filing of successive petitions raising" "[c]laims that could have been, but were not, raised in earlier proceedings." *Matheny v. State*, 834 N.E.2d 658, 662 (Ind. 2005). This specifically applies to claims of ineffective assistance of trial counsel. *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind. 1989) ("If a convicted person wishes to challenge the performance of his defense counsel at a trial upon criminal charges, he may do so.

4

If such challenge is included in the second petition for post-conviction relief, the claim then is properly subject to waiver or *res judicata*.").

Mr. Weisheit does not dispute that he could have, but did not, raise his ineffective assistance of trial counsel grounds in his original post-conviction proceedings. He argues instead that post-conviction counsel's ineffectiveness will allow him to litigate his ineffective assistance of trial counsel claims in a successive state post-conviction petition. Dkt. 121 at 17−19. But "a claim of defective performance [of prior post-conviction counsel] 'poses no cognizable grounds for post-conviction relief.'" *Graves v. State*, 823 N.E.2d 1193, 1196 (Ind. 2005) (quoting *Baum*, 533 N.E.2d at 1200). So long as "'counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court,'" there is no relief available in a successive post-conviction petition. *Id.* (quoting *Baum*, 533 N.E.2d at 1201). And to obtain leave to file a successive post-conviction petition, a petitioner must "establish[] a reasonable probability that he is entitled to post-conviction relief." *Baird v. State*, 831 N.E.2d 109, 118 (Ind. 2005).

Mr. Weisheit does not contend that he can make even a threshold showing that post-conviction counsel abandoned him. He nevertheless insists that post-conviction counsel's errors deprived him of the opportunity to litigate his post-conviction petition in a procedurally fair setting. But he cites no Indiana case endorsing this attempt to sneak the general ineffective assistance of counsel standard through the back door of "procedural fairness," and the Court is aware of none. On the contrary, if ordinary counsel ineffectiveness were enough to render a post-conviction proceeding procedurally unfair, then the counsel-abandonment standard applied in *Baum*, *Graves*, and *Baird* would be meaningless.

Unable to make the required showing under Indiana law, Mr. Weisheit points to a number of district court orders from other states where courts have granted stays to allow § 2254 petitioners

to return to state court to exhaust available state-court remedies. Dkt. 121 at 20; dkt. 112 at 10−11 and n.6. He does not acknowledge any contrary cases. *See, e.g.*, *Bearup v. Shinn*, CV-16-3357-PHX-SPL, 2023 WL 1069686, at *2−6 (D. Ariz. Jan. 27, 2023) (denying stay on procedurally defaulted claims because Arizona law did does allow successive post-conviction petition based on allegations of prior post-conviction counsel's ineffectiveness); *Shanklin v. Raybon*, 6:20-cv-2020-LSC, 2023 WL 2356037, at *3 (N.D. Ala. Mar. 3, 2023) (denyng stay on procedurally defaulted claims because petitioner failed to make showing of counsel abandonment, as required under Alabama law to overcome bar on successive petitions). But more importantly, he fails to demonstrate how district court orders applying other states' post-conviction rules and case law supports his claim that this Court erred in its analysis of Indiana law.

Mr. Weisheit has not shown that he has "the right under the law of [Indiana] to raise, by any available procedure," the ineffective assistance of counsel grounds at issue. 28 U.S.C. § 2254(c). These grounds are therefore exhausted and procedurally defaulted. The Court did not err in holding that *Rhines* does not apply where a petitioner seeks a stay based on procedurally defaulted grounds.

### 2.    Good Cause and Intentional Delay

Alternatively, even if Mr. Weisheit's grounds are unexhausted such that *Rhines* does apply, the Court did not err in finding that Mr. Weisheit lacked good cause for failing to exhaust and that he has engaged in intentional delay.

Mr. Weisheit's original post-conviction proceedings concluded on January 17, 2019, when the Indiana Supreme Court denied his petition for rehearing after affirming the trial court's denial of post-conviction relief. Dkt. 86-4 at 14. Now, more than four years later—and despite knowing for more than three years that many of his grounds had never been presented to the Indiana courts,

*see generally* dkt. 21—he *still* has not sought leave from the Indiana Supreme Court to file a successive post-conviction petition.[2]

Mr. Weisheit contends that he did not have to exhaust his claims in state court because he planned to argue that his claims were procedurally defaulted and that he could excuse the procedural default based on ineffective assistance of post-conviction counsel. Dkt. 121 at 19−20. But 28 U.S.C. § 2254 is not a choose-your-own adventure novel. If Mr. Weisheit's claims were unexhausted, as he now argues, then he was required to diligently exhaust them, not try to circumvent the exhaustion requirement by presenting them as procedurally defaulted. 28 U.S.C. § 2254(b); *see Yeoman v. Pollard*, 875 F.3d 832, 837 (7th Cir. 2017) ("[T]he court may grant a stay and abeyance only when the petitioner demonstrates good cause for failing to exhaust his or her claims *first* in state court." (emphasis added)).

Mr. Weisheit also cites Covid-19 and the lack of available funding for experts as reasons that he has failed to seek leave to file a successive post-conviction petition. *Id.* at 20−21. But he fails to explain why the statement of claims he provided in his 28 U.S.C. § 2254 petitions would be insufficient for presenting his request for leave to file a successive state post-conviction petition on the same issues.

---

[2] Mr. Weisheit contends that federalism and comity principles weigh in favor of allowing the state court to determine in the first instance whether a successive post-conviction petition is available. Dkt. 121 at 18−19. This argument rings hollow, given Mr. Weisheit's apparently strategic decision not to apply in the Indiana Supreme Court for leave to file a successive post-conviction petition. If Mr. Weisheit had filed such an application even as late as July 2022, when he filed his motion to stay these proceedings, *see* dkt. 112, there likely would be no need for this Court (or ultimately the Seventh Circuit) to now decide whether any state procedures are "available" to him. His decision not to engage in the state court process, now more than a year after *Shinn*, further supports the Court's findings that he has created intentional delay and has not shown good cause for his failure to diligently exhaust in state court.

Mr. Weisheit therefore has not shown that the Court erred by denying him a stay under *Rhines*, even if his ineffective assistance of counsel grounds are unexhausted.

**B.     Motion to Transport and for Expert Funding**

Mr. Weisheit contends that the Court erred in denying him funding and time to create additional evidence during the § 2254 proceedings. Dkt. 121 at 9−16. But Mr. Weisheit has not shown any basis for expanding the record under 28 U.S.C. § 2254(e)(2). Indeed, he acknowledged as much in his pre-judgment briefing. Dkt. 112 at 2 (conceding that any development of new evidence must be done in state court). And to the extent Mr. Weisheit argues that the Court should have allowed him the opportunity and funding to create evidence in support of a successive state post-conviction petition, he has not demonstrated that the Court committed manifest error. Mr. Weisheit has not requested or received permission to pursue a successive state post-conviction petition. Nor has he pointed to any authority for the proposition that this Court must fund his state-court litigation. *Cf. Harbison v. Bell*, 556 U.S. 180, 189−90 and n.7 (2009) (explaining that 18 U.S.C. § 3599 authorizes, but does not require, federal courts to provide counsel to inmates facing death sentences for state-court post-conviction challenges).

**C.     Certificate of Appealability**

Mr. Weisheit argues that the Court manifestly erred in not granting relief—or at least granting a certificate of appealability—on two claims: (1) an impartial-jury claim based on a juror bringing in cookies with a "thank you" note that referenced the victims and their family (Claim 12); and (2) an Eighth Amendment claim based on the exclusion of expert testimony regarding Mr. Weisheit's ability to be safely housed in prison if he received a sentence other than death (Claim 26). Dkt. 121 at 21−26. Mr. Weisheit has not demonstrated manifest error in the Court's resolution of these claims. However, the Court agrees with Mr. Weisheit that reasonable jurists

could disagree on these issues and therefore **GRANTS** Mr. Weisheit's request to expand the certificate of appealability.

### D. Motion to Stay Pending Restoration of Competency

In denying Mr. Weisheit's petition for a writ of habeas corpus and motion to stay proceedings pending exhaustion, the Court implicitly denied Mr. Weisheit's motion to stay pending restoration of competency. *See* dkt. 95. The Court now makes the implicit explicit. Mr. Weisheit's motion to stay proceedings pending the restoration of competency was properly denied.

A 28 U.S.C. § 2254 petitioner, even one who challenges his death sentence, has no statutory or constitutional right to competence during habeas corpus proceedings. *Ryan v. Gonzales*, 568 U.S. 57, 65 (2013). However, a district court retains discretion to stay § 2254 proceedings to order a short-term stay to allow a petitioner to return to competence if the "district court concludes that the petitioner's claim could substantially benefit from the petitioner's assistance." *Id.* at 76.

Here, Mr. Weisheit's claims would not have substantially benefited from his assistance. He had already filed a petition and amended petition before moving to stay proceedings. Moreover, the Court resolved his claims—including his procedurally defaulted grounds for ineffective assistance of counsel—based on the state-court record, as it was required to do. Mr. Weisheit's participation was not required, nor would it have substantially benefited his claims.

## IV.  Conclusion

Mr. Weisheit's request to expand the certificate of appealability is **GRANTED**. The certificate of appealability now includes the following claims and procedural issues:

- ineffective assistance of trial counsel;
- ineffective assistance of appellate counsel;
- an impartial-jury claim based on a juror bringing in cookies with a "thank you" note that referenced the victims and their family;
- an Eighth Amendment claim based on the exclusion of expert testimony regarding Mr. Weisheit's ability to be safely housed in prison if he received a sentence other than death; and
- whether Claims 1, 2, 3, 5, 6, 7, 8, 10, 13, 14, 17, 18, 19, 20, 21, 22, 25, 29, 30, 31, 32, and 33 were procedurally defaulted or are instead unexhausted.

Aside from this expansion of the certificate of appealability, Mr. Weisheit's motion to alter or amend judgment, dkt. [121], is **DENIED**.

**IT IS SO ORDERED.**

Date:  9/5/2023

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email