**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**

**CAPITAL HABEAS CORPUS CASE**

| | | |
|---|---|---|
| JEFFREY A. WEISHEIT,<br>Petitioner,<br><br>v.<br><br>RON NEAL,<br>Superintendent, Indiana State Prison<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:19-cv-36-SEB-DML<br><br>Judge: Hon. Sarah Evans Barker |

**MOTION FOR TRANSPORT ORDER TO MEDICAL IMAGING FACILITY**

## I. INTRODUCTION

Petitioner, by and through undersigned counsel, hereby moves the Court to order the Indiana State Prison ("ISP") to arrange for the transportation of Mr. Weisheit to the Franciscan Health Diagnostic Imaging Center in Michigan City ("imaging facility") to conduct magnetic resonance imaging ("MRI") and positron emission tomography ("PET") of his brain, pursuant to clemency funding this Court has ordered under 18 U.S.C. §3599(e) & (f). Dkt. 146 (*ex parte*) at 1–2.

Mr. Weisheit hereby seeks an order that ISP transport him for imaging at a date and time set by mutual convenience to both prison and the imaging facility, but no later than 5 days from the order's entry. The imaging facility has indicated that scanning appointments may be established on approximately three days' notice and thus, barring the unforeseen, would be scheduled upon entry of an order pursuant to this motion.

Further, Mr. Weisheit prays that this order advises ISP that because of the use of powerful magnets in the scanning equipment, metal restraints are not to be used in the scanning room.

## II. Discussion

As discussed in the funding request this Court granted last week, the preparation of Mr. Weisheit's clemency application urgently requires various investigative and expert services, and Petitioner satisfies the specific threshold showing required under § 3599(f)), *see also* Ch. 6 § 660.10.10(b). Dkt. 144 (*ex parte*) at 3. Mr. Weisheit has specified a need that, in turn, this Court has authorized for specific brain imaging and scanning and expert analysis of same. Dkt. 146 (*ex parte*) at 2 (authorizing funds for brain imaging and scanning) and 1–2 (authorizing funds for Dr. Gur and his associates to conduct imaging analysis and integrative reporting).

This contemplated scanning and imaging entails transportation of Mr. Weisheit. Mr. Weisheit has observed that such imaging and scanning would be for the sake of supporting the pursuit of executive clemency. As explained in the aforementioned, granted funding request, the All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions." Dkt. 144 (*ex parte*) at 3.

Mr. Weisheit's posture under execution warrant and with counsel pursuant to § 3599(e), makes the All Writs Act squarely availing to him in relation to transportation from prison to a medical facility. Mr. Weisheit's habeas corpus action under 28 U.S.C. § 2254 has concluded and evidence here would not be in service of that cause. *Cf. Shoop v. Twyford*, 596 U.S. 811, 814 (2022) (holding that a writ under 28 U.S.C. § 1651(a), issued to permit prisoner transportation in pursuit of new evidence not shown to be admissible *in connection with a particular claim for relief under § 2254* is not "necessary or appropriate in aid of" that district court's adjudication of the petition). Rather, Mr. Weisheit's entitlement to counsel and associated services because of his death sentence is the impetus here. Specifically, his pursuit of executive clemency, advanced under

the auspices of § 3599(e), firmly empowers this District Court to authorizes his transportation by ISP.[1]

### III. CONCLUSION

WHEREFORE, Petitioner further respectfully requests a transport or transfer order directing ISP to arrange for the transportation of Mr. Weisheit to an imaging facility for MRI and PET scans of his brain at a date and time set by mutual convenience to both prison and the imaging facility, but no later than 5 days from the order's entry. Petitioner further requests this Court advise ISP that because of the use of powerful magnets in the scanning equipment, metal restraints are not to be used in the scanning room. Prison staff must be directed to ensure security measures do not contemplate bringing metal restraints in the scanning room.

Respectfully submitted,

*/s/ Joseph J. Perkovich*
JOSEPH J. PERKOVICH
Phillips Black, Inc.
PO Box 3547
New York, NY 10008
212.400.1660 (tel)
888-543-4964 (fax)
j.perkovich@phillipsblack.org

*/s/ David P. Voisin*
DAVID P. VOISIN
P.O. Box 804
Hammond, LA 70404
(601) 949-9486
david@dvoisinlaw.com

*/s Joseph C. Welling*
JOSEPH C. WELLING

[1] Further, Mr. Weisheit is an "incapacitated person," by virtue of his incarceration (Ind. Code § 29-3-1-7.5), and under Indiana law may be the subject of a Writ to Enforce Rights of Minors and Incapacitated Persons (Ind. Code § 34-25.5-7-1 (2025)), seeking his transportation for imaging in support, under the Eighth Amendment, of a showing of incompetency or his right to seek executive clemency, and the Governor of Indiana's constitutional authority to, inter alia, commute Mr. Weisheit's sentence (Ind. Code § 11-9-2-3 (2025); Ind. Const., art. 5 § 17).

Phillips Black, Inc.
100 N. Tucker Blvd., Ste. 750
St. Louis, MO 63101
314.629.2492 (tel)
j.welling@phillipsblack.org

*Counsel for Petitioner Jeffrey A. Weisheit*

September 25, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of September, 2026, the foregoing was served upon all counsel of record in this case via the ECF filing system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Joseph C. Welling*