`UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JEFFREY ALAN WEISHEIT, Petitioner, | ) | |
| v. | ) | No. 4:19-cv-00036-SEB-KMB |
| ERIC KRUPER Superintendent, Indiana State Prison, Respondent. | ) | |

**ORDER**

Petitioner Jeffrey Alan Weisheit is scheduled to be executed by the State of Indiana before sunrise on November 5, 2026. *Weisheit v. State of Indiana*, No. 10S00-1507-PD-413 (Ind.), entry from Aug. 28, 2026 (Order Setting Execution Date). This Court previously denied Mr. Weisheit's petition for a writ of habeas corpus, which was affirmed by the Seventh Circuit. *See Weisheit v. Neal*, 151 F.4th 855 (7th Cir. 2025), *cert denied*.

In this now-closed action, Mr. Weisheit seeks an order from this Court compelling Respondent, Indiana State Prison Superintendent Eric Kruper,[1] to arrange for Mr. Weisheit's transportation to an off-site facility to undergo PET and MRI scans of his brain in support of a clemency petition Mr. Weisheit's attorneys plan to file with the Indiana State Parole Board. Dkt. 151. For the reasons explained below, that motion is **DENIED**.

## I. Background

In 2013, Mr. Weisheit was convicted in state court of two counts of murder and sentenced to death. *Weisheit*, 151 F.4th at 866. The Indiana Supreme Court upheld Mr. Weisheit's convictions

---

[1] The previous Superintendent (Warden) was Ron Neal but is now Eric Kruper. The Court will direct the clerk to update the docket accordingly pursuant to 28 U.S.C. § 2243 and Fed. R. Civ. P. 25(d).

and sentence on direct appeal and in post-conviction relief proceedings. *Weisheit v. State*, 26 N.E.3d 3 (Ind. 2015); *Weisheit v. State*, 109 N.E.3d 978 (Ind. 2018).

Mr. Weisheit then pursued federal habeas corpus relief in this Court under 28 U.S.C. § 2254. On August 4, 2021, the Court denied Mr. Weisheit's ex parte motion requesting funding for and transportation to an outside medical facility to obtain MRI and PET scans of his brain. Dkt. 62. Mr. Weisheit had sought the order to support a claim that trial counsel had been ineffective for not having an expert perform a quantitative analysis of underlying data related to MRI and PET scans that had been performed in 2012, while also asserting the 2012 scans were inadequate for performing such analysis. *Id.* On November 2, 2022, the Court denied Mr. Weisheit's habeas petition and rejected his 33 claims for relief, including that trial counsel was ineffective for not calling an expert to testify about Mr. Weisheit's history of mild traumatic brain injury. Dkt. 119; *Weisheit v. Neal*, 2022 WL 16635295 (S.D. Ind. Nov. 2, 2022). On September 5, 2023, the Court denied Mr. Weisheit's motion to alter or amend judgment but expanded the scope of the certificate of appealability. Dkt. 126; *Weisheit v. Neal*, 2023 WL 5722651 (S.D. Ind. Sept. 5, 2023).

On August 13, 2025, the Seventh Circuit affirmed this Court's decision in full. In part, the Seventh Circuit held that this Court properly rejected Mr. Weisheit's request for funding for new MRI and PET scans under 18 U.S.C. § 3599. *Weisheit*, 151 F.4th at 872–73. The Seventh Circuit explained that "[f]unding is not reasonably necessary if a petitioner has no forum to introduce the uncovered evidence." *Id.* at 872 (citing *Shoop v. Twyford*, 596 U.S. 811, 817–21 (2022)). And because Mr. Weisheit recognized that any evidence related to the brain scans could not be presented in federal court, and he did not adequately show that he would be allowed to expand the record in state court, "testing is not reasonably necessary because he has no forum in which to present the results." *Id.* at 873.

The Seventh Circuit denied rehearing en banc. *Weisheit v. Neal*, 2025 WL 2775773 (7th Cir. Sept. 29, 2025). On June 8, 2026, the Supreme Court denied certiorari. The Indiana Attorney General shortly thereafter requested that the Indiana Supreme Court set an execution date for Mr. Weisheit as required by law. On August 28, the Indiana Supreme Court set the execution date for November 5, 2026, before sunrise. Order Setting Execution Date. The Indiana Supreme Court noted that Mr. Weisheit was requesting additional time for counsel to carry out their duties under § 3599 and was suggesting that the Indiana Department of Correction "lacks the drugs it needs to carry out an execution and has no lawful source to acquire the drugs from." *Id.* at 2. The Indiana Supreme Court noted that "[a] petitioner can raise constitutional claims through a successive petition for post-conviction relief, raise challenges to an execution protocol through a civil lawsuit, or petition the Governor for clemency. But a 'Motion to Set Execution Date' does not implicate any of these proceedings." *Id.* (cleaned up).[2]

On September 16, the Court issued an ex parte order authorizing funding for certain defense investigatory services under § 3599. Dkt. 146. On September 21, counsel filed an ex parte motion requesting an order that Mr. Weisheit be transported outside Indiana State Prison for purposes of undergoing new MRI and PET brain scans. Dkt. 147. On September 25, after the Court determined that the motion should not remain ex parte, dkt. 150,[3] counsel filed a revised motion for a transport order. Dkt. 151. At counsel's request, the Court directed Respondent to file an expedited response to the motion, noting that a clemency petition is due to be filed no later than October 15. Dkt. 154. The matter is now ripe for resolution.

---

[2] As of today, it appears Mr. Weisheit has not filed an attempted successive petition for post-conviction relief or a civil lawsuit challenging the execution protocol.

[3] *See Jackson v. Vasquez*, 1 F.3d 885, 888 (9th Cir. 1993) (holding that although statutory predecessor to § 3599 authorized ex parte federal funding for defense investigative services, it did not authorize a district court "to issue, upon a petitioner's ex parte request, a coercive order against a state official").

## II. Discussion

Mr. Weisheit specifically states that the brain scan evidence he seeks "would be for the sake of supporting the pursuit of executive clemency" and "evidence here would not be in service" of a habeas corpus action under 28 U.S.C. § 2254. Dkt. 151 at 2. The Court's authority to issue the order Mr. Weisheit seeks would have to derive from the All Writs Act, which states: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

In *Shoop v. Twyford*, the Supreme Court addressed the scope of a federal court's ability to issue a transport order under the All Writs Act in connection with habeas corpus proceedings under § 2254. 596 U.S. 811. There, a district court issued a transport order under the All Writs Act for a state prisoner sentenced to death to obtain brain scans at an outside facility. *Id.* at 816. Specifically, the petitioner argued that evidence obtained from such scans could be relevant to his claims that he received ineffective assistance of counsel, he lacked competency to stand trial, his confession was involuntary, or his claims should not be deemed procedurally defaulted. *Id.* at 822–23. But the petitioner failed to explain how any such evidence would be admissible in his habeas proceeding, given the limitations on considering new evidence that are placed on federal courts under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Id.* at 823. The Supreme Court held that "[t]he District Court thus erred in ordering Twyford's transfer to gather evidence he had never demonstrated would be admissible." *Id.* "A transportation order that allows a prisoner to search for new evidence is not 'necessary or appropriate in aid of ' a federal court's adjudication of a habeas corpus action . . . when the prisoner has not shown that the desired evidence would be admissible in connection with a particular claim for relief." *Id.* at 824.

The Supreme Court also noted that it had "made clear that a petitioner cannot use that [All Writs] Act to circumvent statutory requirements or otherwise binding procedural rules. AEDPA provides the governing rules for federal habeas proceedings, and our precedents explain that a district court must consider that statute's requirements before facilitating the development of new evidence." *Id.* at 820–21 (cleaned up). "By the same token, a writ seeking new evidence would not be 'necessary or appropriate in aid of' a federal habeas court's jurisdiction, *as all orders issued under the All Writs Act must be*, if it enables a prisoner to fish for unusable evidence, in the hope that it might undermine his conviction in some way." *Id.* at 821 (emphasis added). Furthermore,

> [a] federal court order requiring a State to transport a prisoner to a public setting—here, a medical center for testing—not only delays resolution of his habeas case, but may also present serious risks to public safety. Commanding a State to take these risks so that a prisoner can search for unusable evidence would not be a 'necessary or appropriate' means of aiding a federal court's limited habeas review.

*Id.* at 821–22 (cleaned up).

Recently, another judge of our Court issued an order under the All Writs Act authorizing a death penalty habeas corpus petitioner to be transported outside prison to undergo brain scans. *Gibson v. Neal*, 799 F. Supp. 3d 788, 793–94 (S.D. Ind. 2025). Specifically, that judge concluded that any evidence developed from such scans could be relevant to whether the statutory deadline for filing a habeas petition had been equitably tolled because of the petitioner's mental health, and a hearing was scheduled to address that issue. *Id.*

The Seventh Circuit reversed the Court's transport order. *Gibson v. Neal*, 171 F.4th 948 (7th Cir. 2026), *cert. pending*. The Seventh Circuit analyzed *Twyford* in depth and concluded, "any authority conferred by the All Writs Act must be exercised within the limitations Congress imposed for habeas relief and the development of evidence to pursue such relief." *Id.* at 955. The Seventh Circuit further observed that *Twyford* "is amenable to either a broad or narrow reading. . . . At a

broad level, *Twyford* may require that *any* evidence sought to be developed through an order entered pursuant to the All Writs Act 'be admissible in connection with a particular claim for relief' under § 2254." *Id.* The Seventh Circuit did not precisely define the "narrow reading" of *Twyford* but held that using brain scan evidence in support of the petitioner's equitable tolling claim still would fall outside such a reading because it was unclear how that evidence would support such a claim. *Id.* at 956.

Mr. Weisheit's reading of *Twyford* would turn its holding on its head. He seems to assert that so long as evidence sought to be obtained through an All Writs Act order has no relevance whatsoever to a federal habeas proceeding, then an order is permissible. But *Twyford* holds the precise opposite, as reinforced by the Seventh Circuit in *Gibson*: to be permissible, evidence to be gained through an All Writs Act order must be at a minimum relevant and admissible in support of a federal habeas petitioner's claims for federal habeas relief. If it is not, then an order is impermissible, full stop, because it would not be "in aid of" a federal court's jurisdiction. Moreover, to the extent Mr. Weisheit seeks to use any evidence from brain scans as support for a state clemency petition, that use does not implicate federal constitutional concerns or a cognizable claim for relief under federal law. *Cf., e.g.*, *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 276 (1998) (quoting *Connecticut Bd. of Pardons v. Dumschat*, 452 U.S. 458, 464 (1981)) (reaffirming, in context of state death penalty inmate seeking executive clemency, that "'pardon and commutation decisions have not traditionally been the business of courts; as such, they are rarely, if ever, appropriate subjects for judicial review.'"). Indeed, the basis for Mr. Weisheit's request for brain scans is much further removed from federal habeas proceedings than was the case in *Gibson*.[4]

[4] The Court also notes that, like Mr. Gibson, Mr. Weisheit has not suggested that he intends to use new brain scan evidence to support a claim that he lacks the mental capacity to be executed, pursuant to *Ford v. Wainwright*, 477 U.S. 399 (1986). *See Gibson*, 171 F.4th at 956.

Nonetheless, Mr. Weisheit argues that because this Court has pre-approved federal funding for services related to his receiving new brain scans, authorization of a transport order from this Court allowing him to receive the scans necessarily follows. In an abundance of caution, the Court did pre-approve Mr. Weisheit's request for funding for potential new brain scans and other matters pursuant to the authority of 18 U.S.C. § 3599(f) and *Harbison v. Bell*, 556 U.S. 180 (2009). However, that order does not require the Court to issue a subsequent order compelling a state official to take certain action to ensure that the scans take place.[5] Indeed, although it appears the Seventh Circuit has not directly weighed in on this specific issue, several circuits have done so, all uniformly holding that such orders are not authorized by § 3599 or the All Writs Act when the petitioner seeks to gather evidence in support of a state clemency petition.

For example, in *Baze v. Parker*, 632 F.3d 338 (6th Cir. 2011), a state death penalty habeas petitioner sought a district court order compelling the state to allow his attorneys to interview prison officials and other death row inmates, in search of evidence to be used in support of a clemency petition. The petitioner argued in part that, because § 3599(f) allows a federal court to authorize funding of investigative services for defense counsel, "then it must also empower the court to order third-party compliance with the attorneys' investigations." *Id.* at 342. The Sixth Circuit disagreed: "The relevant provision simply empowers a court to authorize, for purposes of compensation, an attorney to acquire an investigator's efforts—not his total success. . . . To permit someone to seek information is not the same as establishing a substantive right for that person to acquire that information over all possible obstacles." *Id.* at 343. The Sixth Circuit also ruled that

[5] Mr. Weisheit has not addressed whether it would be possible to request such an order from a state court. He cites Indiana statutory and constitutional provisions suggesting they allow for such an order. Dkt. 151 at 3 n.1 (citing Ind. Const., Art. 5 § 17; Ind. Code §§ 11-9-2-3, 29-3-1-7.5, 34-25.5-7-1). But those provisions do not apply to this Court's authority under the All Writs Act or otherwise to authorize the issuance of a transport order.

*Harbison* did not allow "federal courts to take action to supervise the mechanics of a state clemency proceeding." *Id.* Furthermore, the order the petitioner was seeking was unavailable under the All Writs Act, consistent with *Twyford*'s later holding. *Id.* at 345–46.

Every other Circuit Court of Appeals to address this issue has agreed with the Sixth Circuit's reasoning.[6] *See Tisius v. Vandergriff*, 55 F.4th 1153, 1155 (8th Cir. 2022) (holding state habeas death penalty petitioner was not entitled to order compelling state officials to transport petitioner off-site for medical evaluation in support of clemency petition); *Beatty v. Lumpkin*, 52 F.4th 632, 634–35 (5th Cir. 2022) (holding state habeas death penalty petitioner was not entitled to order compelling state officials to unshackle him during expert evaluations to be used in support of clemency petition); *Leavitt v. Arave*, 682 F.3d 1138, 1141 (9th Cir. 2012) (holding state death penalty habeas petitioner was not entitled to order requiring police department to submit blood samples for testing in support of clemency petition); *cf. Bowles v. Desantis*, 934 F.3d 1230, 1242–44 (11th Cir. 2019) (holding § 3599 did not mandate that state allow habeas death penalty petitioner to be represented by his federally-appointed and funded habeas attorney during state clemency proceedings).

**III. Conclusion**

For the above explained reasons, we hold that the Court lacks authority under either the All Writs Act or 18 U.S.C. § 3599 to issue the request transport order in search of evidence for use in a state clemency proceeding. His motions for a transport order are therefore **DENIED**. Dkts. [147], [151]. The **clerk is directed** to update the name of the Respondent from Ron Neal to Eric Kruper.

**IT IS SO ORDERED.**

Date: 10/7/2026

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

[6] The Seventh Circuit has not yet considered this issue.

Distribution:

Tyler G. Banks
INDIANA ATTORNEY GENERAL
tyler.banks@atg.in.gov

Kelly A. Loy
OFFICE OF THE INDIANA ATTORNEY GENERAL
kelly.loy@atg.in.gov

Joseph J. Perkovich
Phillips Black, Inc.
j.perkovich@phillipsblack.org

David Paul Voisin
DAVID P VOISIN PLLC
david@dvoisinlaw.com

Joseph C Welling
Phillips Black, Inc.
j.welling@phillipsblack.org